UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIAM ASHLEY WALDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-304 |
| | ) | |
| ENERGIZER HOLDINGS, INC. | ) | |
| (Playtex Products - Subsidiary),[1] | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff William Ashley Waldo, who worked for Energizer's Playtex Products division, filed a complaint accusing Energizer Holdings, Inc., of discriminating against him in violation of several federal statutes. (Doc. 1.) The Court directed the Marshal to serve Energizer Holdings. (Doc. 8.) After waiving service, Energizer Holdings filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss arguing,

---

[1] Plaintiff mistakenly listed defendant as "Energizer Holding" rather than "Energizer Holdings." (Doc. 1.) The Court has modified the caption to reflect defendant's correct name. The Clerk shall correct the docket caption; all subsequent filings shall conform.

among other things, that it never employed plaintiff. (Doc. 9 at 4-5.) According to Energizer Holdings, the proper defendant is Energizer Personal Care, LLC. (*Id.* at 1.) Energizer Personal Care is a distinct subsidiary that holds the Playtex brand. (*Id.*)

Plaintiff, in his initial, rambling response, did not disagree. He stated that he "did not intentionally name [the] wrong defendant," and more than once he referred to defendant as Energizer Personal Care. (Doc. 15 at 19, 20.) Indeed, it is clear from his complaint that he was aware that the Playtex Products division was a subsidiary and that he *meant to name it as the defendant.* (Doc. 1 at 1 (naming as defendant "Energizer Holding Inc (Playtex Products - Subsidiary)").) Too, his EEOC charge explicitly names "Energizer Personal Care/Playtex" as the offending business. (Doc. 11-1 at 2, 4.) However, in his most recent, untimely[2] reply brief, which he improperly designates as a response, he changes direction, stating that "he is not suing the wrong

---

[2] Under S.D. Ga. LR 7.6, a party intending to file a reply brief shall notify the Clerk immediately and file the reply within 14 calendar days of the service of the opposing party's last brief.

defendant[]."³ (Doc. 24 at 4.) He simply meant to acknowledge that he misspelled the defendant's name. (*Id.* at 2.)

In an anemic attempt to show that he was employed by Energizer Holdings, he submitted an undated Vanguard retirement investment account letter stating that he was leaving "Energizer Holdings, Inc."⁴ (*Id.* at 8.) Of course, it has no bearing here. It is an undated, unauthenticated letter from a third party. Plaintiff also argues that he has reached the proper personnel and has thus sued the proper defendant. (Doc. 24 at 3-4.) Again, that argument misses the point. The issue here is not whether proper staff members were notified of his action. Similarly, it matters not whether the same staff members defend such actions for both Energizer Holdings *and* Energizer Personal Care. The question is whether Waldo named the correct defendant. He did not.

---

³ The Clerk is **DIRECTED** to correct the docket to reflect that Waldo's response is in fact a reply.

⁴ A series of paystubs would have been more persuasive but still wouldn't have conclusively proved that Waldo was employed by Energizer Holdings rather than its subsidiary. His own attempts at naming the defendant are the best evidence here -- he knew he worked for Energizer's Playtex subsidiary.

It is plain from the record that Waldo has named the wrong defendant. Accordingly, Energizer Holdings' motion to dismiss (doc. 9) should be **GRANTED**. Since Energizer Holdings is due to be dismissed, its motion to stay discovery (doc. 21) and Waldo's motions to compel discovery (doc. 22) and "present" discovery (doc. 25 (actually another motion to compel production)) are **DENIED** as moot. The Court also **DENIES** Waldo's motion to continue. (Doc. 17.) That "motion" is in fact a second response to defendant's motion to dismiss.[5]

Waldo asks the Court not to dismiss the case but to allow him to amend his complaint to cure any deficiencies. (Doc. 15 at 2, 20.) The Court **GRANTS** that request. The Court, however, **DENIES** Waldo's request for appointment of counsel to help him in prosecuting the case.[6]

---

[5] The Clerk is **DIRECTED** to correct the docket to reflect that the motion to continue is in fact a reply to defendant's motion to dismiss.

[6] Court-appointed counsel in civil actions is warranted only in exceptional cases. *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *see Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). In considering whether exceptional circumstances exist, the Court should consider (1) the type and complexity of the case; (2) whether the indigent is capable of presenting his case; (3) whether the indigent is in a position to investigate the case adequately; and (4) whether the evidence will consist largely of conflicting testimony as to require skill in presenting the evidence and in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

(Doc. 15 at 2.) It also **DENIES** his skeletal motion to amend, filed on May 3, 2011.[7] (Doc. 23.)

Waldo shall have fourteen days from the date of this Order to submit an amended complaint naming Energizer Personal Care, LLC as the proper defendant. He is **ORDERED** to submit with his amended complaint a copy of the EEOC charge and all amendments to that charge in order to assist the Court in screening the complaint before directing service by Marshal. If Waldo does not timely comply with this Order, his case may be dismissed. Also, Waldo is advised that though he must offer facts in support of his claims, he does not have to "write a 'Book' on each claim," as he suggests. (Doc. 24 at 5.) Indeed, the federal pleadings rules prohibit such a "book," instead requiring a plaintiff to set forth "a *short* and plain statement of the claim showing

---

However, the key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help. *Kilgo*, 983 F.2d at 193. Here, Waldo has had no difficulty in explaining the relatively straightforward facts of his case and needs no help in presenting his claim.

[7] In its entirety, it reads "Comes Now, Williams Ashley Waldo, Plaintiff, Pro-Se, and files this PLAINTIFF'S MOTION TO AMEND COMPLAINT at The Court's discretion." (Doc. 23.)

that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Excess verbiage, or any extended, long-winded discussion of the facts, is prohibited in a complaint. What Waldo must do is set a *brief* statement of the essential facts sufficient to establish a right to relief.[8]

**SO REPORTED AND RECOMMENDED** this <u>9th</u> day of May, 2011.

*/s/ J. Smitt*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[8] "A plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citation omitted). At the pleading stage, Federal Rule of Civil Procedure 8(a)(2) requires that "the plain statement possess enough heft to show that the pleader is entitled to relief." *Id.* at 557 (internal quotations omitted). Waldo, contrary to his consistent objection, *is* subject to the same procedural rules as any attorney. "[O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).